```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

SUPERMEDIA, LLC,

        Plaintiff,

v.

                              Case No. 8:11-cv-296-T-33TBM

W.S. MARKETING, INC. d/b/a
ASK GARY,

        Defendant.
_____/

## **ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss for Failure to Properly State a Cause of Action, or in the Alternative, for More Definite Statement (Doc. # 3), which was filed on March 29, 2011. Plaintiff filed a response in opposition to the Motion (Doc. # 4) on April 7, 2011. For the reasons that follow, the Motion is denied.

**I.   Background**

Plaintiff Supermedia is a national advertising agency and the official publisher of Verizon Yellow Pages and other print and online telephone directories. (Doc. # 1 at ¶ 5). Supermedia filed suit in this Court on February 11, 2011, alleging that Defendant W.S. Marketing d/b/a Ask Gary failed to pay Supermedia amounts due under various written contracts for advertising. (Id. at ¶¶ 7-14). Supermedia asserts that Ask Gary owes Supermedia a total of $774,945.96 under these

contracts. (<u>Id.</u> at ¶ 15). Supermedia attached the contracts to the Complaint as composite Exhibit A (Doc. # 1-1), and various statements of account as Exhibits B through F (Doc. # 1-2 through 1-6). A demand letter and associated documents are attached as Composite Exhibit G (Doc. # 1-7).

Supermedia's Complaint includes claims for Breach of Contract (Count One), Quantum Meriut (Count Two), Open Account (Count Three) and Account Stated (Count Four). Supermedia seeks judgment against Ask Gary for compensatory damages plus late fees, interest, costs and attorneys' fees.

Ask Gary asks this court to dismiss the Complaint as failing to state a cause of action or, in the alternative, to direct Supermedia to file a more definite statement of its claim pursuant to Federal Rule of Civil Procedure 12(e). (Doc. # 3 at 3). In response, Supermedia asserts that Ask Gary's Motion to Dismiss fails to state a basis for dismissal of the Complaint. (Doc. # 4 at 3). Supermedia further argues that Ask Gary's Motion for More Definite Statement seeks to impose a higher burden than liberal notice pleading requires, and that its allegations were sufficient to provide fair notice of the claims and the grounds upon which they rest. (<u>Id.</u> at 3-4). Supermedia further notes that Ask Gary's motion fails to comply with Local Rule 3.01(a). (<u>Id.</u> at 1).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-1965 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Where a complaint fails to

sufficiently specify the allegations, the defendant's remedy is to move for a more definite statement under Federal Rule 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired."

### III. Analysis

The bulk of Ask Gary's Motion complains that it is impossible to tell from the Exhibits to Supermedia's Complaint how Supermedia arrived at the amounts it claims are due. (Doc. # 3 at ¶¶ 1-8). The discussion of Ask Gary's difficulties understanding the Exhibits is followed by an assertion that "[t]he complaint is therefore violative of Fed. R. Civ. P. 12(b)(6)." (Id. at ¶ 9). However, Ask Gary offers no argument as to why any of the four counts in Supermedia's Complaint fail to establish a claim for relief. The Court therefore denies the Motion to Dismiss.

Ask Gary then asserts that "[t]he complaint further is violative of Fed. R. Civ. P. 12(e) in that the complaint is so vague and ambiguous that Defendant cannot reasonably form a response." (Id. at ¶ 10). In describing the specific defects, Ask Gary states that "it is impossible to go through the

Complaint and Exhibits without labeled exhibits or some way to make the documents intelligible to the reader." (Id. at ¶ 11).

From the Court's review of the Complaint, it appears that Supermedia sues Ask Gary for nonpayment of amounts due under certain advertising contracts. The contracts at issue appear to be attached as Exhibit A, satisfying the requirement that, "[u]nder Rule 8(a), a plaintiff must either attach a copy of an alleged contract to the complaint or plead it according to its legal effect." Palma Vista Condo. Assoc. of Hillsborough Co., Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265 at *2 n.2 (M.D. Fla. June 7, 2010) (internal quotation and citation omitted). The Court finds that the Complaint satisfies Supermedia's meager pleading burden under Rule 8(a). "A pleading that satisfies the notice pleading standards of Rule 8 is therefore sufficient to withstand a Rule 12(3) motion." Id. at *1.

Ask Gary argues that "it should not be up to Defendants to try and figure out exactly what it is that Plaintiff is seeking . . . and try to frame valid defenses based upon the facts of the case and other matters." (Doc. # 3 at ¶ 8). However, "the discovery process will afford Defendant the opportunity to explore further the factual basis of Plaintiff's claim and to narrow the issues . . . . Defendant may not use a motion for more definite statement as a means of

-5-

discovery." <u>Palma Vista</u>, 2010 WL 2293265 at *2. If Ask Gary questions any amounts due or other factual matters, discovery is the appropriate means to ascertain those specific facts. Because the Complaint provides fair notice of Supermedia's claims and the grounds upon which they rest, the Court denies the Motion for More Definite Statement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion to Dismiss for Failure to Properly State a Cause of Action, or in the Alternative, for More Definite Statement (Doc. # 3) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>17th</u> day of August 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

-6-