UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUPERMEDIA, LLC,

    Plaintiff,

v.                            Case No. 8:11-cv-296-T-33TBM

W.S. MARKETING, INC. d/b/a
ASK GARY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Supermedia, LLC's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter Claim (Doc. # 20), filed on October 31, 2011. Defendant W.S. Marketing d/b/a Ask Gary filed a response in opposition to the Motion (Doc. # 27) on November 14, 2011. For the reasons that follow, the Court grants the Motion in part and denies it in part.

**I.    Background**

Supermedia filed suit in this Court on February 11, 2011, alleging that Ask Gary failed to pay Supermedia amounts due under various written contracts for advertising. (Doc. # 1 at ¶¶ 7-14). Ask Gary filed a Motion to Dismiss for Failure to Properly State a Cause of Action, or in the Alternative, for a More Definite Statement (Doc. # 3) on March 29, 2011. This Court denied that motion on August 17, 2011 (Doc. # 13).

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Ask Gary was required to file an answer to the Complaint within fourteen days of the Court's order denying the Motion to Dismiss. Thus, Ask Gary's responsive pleading was due by August 31, 2011. Ask Gary did not timely file its responsive pleading or move the Court for an extension of time to do so.

On October 28, 2011, the last day of discovery and more than two months past the deadline, Ask Gary filed its Answer, Affirmative Defenses, Counterclaim and Demand for Jury Trial (Doc. # 17). Ask Gary did not request leave of this Court to do so. This pleading is the object of Supermedia's Motion to Strike (Doc. # 20).[1]

Supermedia argues that Ask Gary filed its responsive pleading "in bad faith and in a blatant attempt to avoid summary judgment." (Id. at ¶ 12). Supermedia further asserts prejudice because Ask Gary's responsive pleading was filed on

---

[1] Contemporaneous with the Motion to Strike, Supermedia filed a Motion to Compel Responses to Its First Set of Interrogatories and First Request for Production (Doc. # 21). United States Magistrate Judge Thomas B. McCoun entered an Order directing expedited response to the Motion to Compel (Doc. # 23). On November 7, 2011, Ask Gary filed Notice of Serving its Responses and Objections (Doc. # 24) and Response in Opposition to the Motion to Compel (Doc. # 25), asserting that the Motion to Compel was now moot. Magistrate Judge McCoun denied Supermedia's Motion to Compel in part without prejudice and reserved ruling on Supermedia's request for imposition of sanctions (Doc. # 26).

the deadline for completion of discovery. (Id. at ¶ 13). As such, Supermedia asks this Court to strike or disallow the pleading or, at a minimum, strike or disallow Ask Gary's Affirmative Defenses and Counterclaim. (Id. at 3).

Ask Gary filed its Response to Plaintiff's Motion to Strike Answer, Affirmative Defenses and Counterclaim (Doc. # 27) on November 14, 2011. Ask Gary argues that because "lawsuits should generally be decided on their merits" Supermedia should not be allowed to prevail "by resorting to a technicality." (Id. at 1). Ask Gary further asserts that Supermedia's Motion to Strike should be denied because such motions are strongly disfavored. (Id.). In addition, Ask Gary states that Supermedia did not seek a default and did not engage in the required good-faith conference prior to filing its Motion. (Id.).

## II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure, provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F.

Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### III. Discussion

In its Motion to Strike, Supermedia argues that it would be prejudiced by Ask Gary's untimely pleading, that the two-and-a-half-month delay was unreasonable and that Ask Gary has offered no reason for the delay. (Doc. # 20 at 4-5). Supermedia further argues that Ask Gary "failed to avail itself of the discovery process"[2] and "failed to allege any facts to show that it did not have knowledge of the purported misrepresentations underlying its affirmative defenses and counter claim prior to the discovery deadline or that it was diligent in seeking such information before the deadline."

---

[2] On October 28, 2011, the last day of discovery, Ask Gary filed a Motion for Extension of Discovery Cutoff and Dispositive Motions Cutoff (Doc. # 18), seeking to extend the deadlines for discovery and dispositive motions by 90 days each. In that Motion, Ask Gary asserted that the parties were engaged in settlement negotiations but neither party had conducted discovery. Ask Gary offered no explanation as to why discovery had not been conducted. This Court denied that motion (Doc. # 22) on November 2, 2011.

(Id. at 5-6). Finally, Supermedia asserts that Ask Gary acted in bad faith. (Id. at 6).

In its response to the Motion, Ask Gary offers no explanation for its untimely pleading. Instead, Ask Gary attacks Supermedia for "[u]sing an approach that is strongly disfavored under the law . . . even though the parties have long been engaged in meaningful settlement discussions." (Doc. # 27 at 1). Ask Gary focuses on the fact that motions to strike and default judgments are viewed with disfavor by courts. (Id. at 2-3).

Ask Gary further argues that Supermedia's "claim of prejudice due to the passage of the discovery deadline has been rendered moot" by Ask Gary's response on November 7, 2011, to Supermedia's first set of interrogatories and request for production. (Id. at 6). Ask Gary asserts that it did not act unreasonably because the parties have been engaged in ongoing settlement discussions and because Supermedia did not move for default. (Id.). Ask Gary further asserts that Supermedia "did not point to any specific evidence of bad faith" on Ask Gary's part. (Id.).

The Court is unpersuaded by Ask Gary's arguments. Nonetheless, the Court does recognize the strong policy disfavoring defaults and favoring adjudication on the merits.

-5-

In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1291 (11th Cir. 2003). Although Supermedia has not moved for default, striking Ask Gary's Answer would effectively render this matter subject to default, as Ask Gary strongly asserts. For support, Ask Gary points to Canady v. Erbe Elektromedizin GmbH, 307 F. Supp. 2d 2 (D.D.C. 2004), in which the court declined to strike a late-filed pleading because to do so would allow the case to proceed toward default judgment.

This Court agrees that to grant the motion to strike "would contravene the established policies . . . favoring the resolution of cases on their merits." Id. at 8. Furthermore, the Court sees no reason why Supermedia would be prejudiced by allowing Ask Gary's late-filed Answer and moving forward with this case.

Ask Gary's Counterclaim is another matter, however. Asserting a new claim at this late date -- with discovery closed and trial slated for April 2012 -- would likely prejudice Supermedia and certainly delay resolution of this action. Furthermore, the deadline to amend pleadings passed on July 1, 2011, and the parties mediated this matter on September 16, 2011.

Although the Counterclaim is part of Ask Gary's late-filed Answer, the analysis governing a motion to amend a

-6-

pleading to add a counterclaim is instructive. Generally, a court "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether "justice requires," however, the court "must consider the overall circumstances, including the degree of prejudice that would be suffered by the opposing party if a late counterclaim is allowed." Vulcan Mktg., Inc. v. Technical Consumer Prods., Inc., 614 F. Supp. 2d 1253, 1256 (N.D. Ala. 2009). The Court finds that permitting a counterclaim to be filed at this late date would be prejudicial to Supermedia.

Ask Gary argues that its Counterclaim "mirrors its first affirmative defense," and that Ask Gary "provided Supermedia with facts and documentation that support both its affirmative defenses and affirmative claims for relief" in its November 7, 2011, discovery responses. (Doc. # 27 at 6). "As such," Ask Gary contends, "Supermedia will not suffer any prejudice." (Id.). The Court is unpersuaded by this circular argument and conclusory statement. The Court finds that the addition of a counterclaim at this stage of the proceedings and contrary to this Court's Case Management and Scheduling Order would fundamentally alter the case and unduly prejudice Supermedia. See Vulcan Mktg., 614 F. Supp. 2d at 1257.

Based upon the foregoing analysis and the strong policy favoring adjudication on the merits, the Court finds that Ask Gary's Answer and Affirmative Defenses should not be stricken. Ask Gary's Counterclaim, however, is stricken.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Supermedia LLC.'s Motion to Strike Defendant's Answer, Affirmative Defenses and Counter Claim (Doc. # 20) is **GRANTED IN PART** and **DENIED IN PART.** Ask Gary's Counterclaim is striken. The Motion is otherwise denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record